[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Utt v. Lorain Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-8402.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8402

UTT ET AL., APPELLEES, *v.* LORAIN COUNTY BOARD OF REVISION ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Utt v. Lorain Cty. Bd. of Revision,* Slip Opinion No. 2016-Ohio-8402.]

*Taxation—Real-property valuation—Although property owner satisfied initial burden to show recent arm's-length sale, opposing parties offered rebuttal evidence challenging arm's-length character of purchase and owner offered no evidence to overcome rebuttal evidence—Board of Tax Appeals' decision reversed.*

(No. 2014-1831—Submitted August 30, 2016—Decided December 28, 2016.)

APPEAL from the Board of Tax Appeals, No. 2013-2664.

_____

**Per Curiam**.

**{¶ 1}** This real-property-valuation case involves a single-family residence in Elyria owned by appellee Michael D. Utt and Theresa A. Utt. The Utts

challenged the Lorain County auditor's valuation of the property for tax year 2012, alleging that their May 2011 purchase was a recent arm's-length sale that established a lower true value. The Lorain County Board of Revision ("BOR") retained the auditor's valuation, finding that the Utts had provided insufficient evidence of the sale. The Board of Tax Appeals ("BTA") reversed and valued the property according to the sale price. The auditor, the BOR, and Elyria City Schools Board of Education ("BOE") (collectively, "the appellants") jointly appealed to this court.

**{¶ 2}** Similar to *Lunn v. Lorain Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2016-Ohio-8075, ___ N.E.3d ___, this case involves the initial burden of proof that is placed on a party who argues that a sale was arm's length in nature. The appellants argue that the Utts failed to meet their initial burden because they did not appear at the BOR hearing to authenticate documents and be subject to cross-examination concerning the sale. We rejected this same argument in *Lunn*. *Id*. at ¶ 15-16. As in *Lunn*, the parties opposing the use of the Utts' purchase price did not dispute the basic facts of the sale or object to the evidence submitted to the BOR. We hold, therefore, that the BTA acted reasonably and lawfully when it found that the Utts satisfied their initial burden to show a recent arm's-length sale under former R.C. 5713.03, Am.Sub.H.B. No. 260, 140 Ohio Laws, Part II, 2665, 2722.[1]

**{¶ 3}** Nevertheless, as in *Lunn*, we reverse the BTA because the appellants successfully rebutted the Utts' initial showing that the sale was an arm's-length transaction. Evidence introduced at the BTA hearing showed that the Federal National Mortgage Association ("Fannie Mae") sold the property to the Utts under circumstances inconsistent with an arm's-length sale between typically motivated

---

[1] This former version of R.C. 5713.03 applies here because this case involves a tax-lien date of January 1, 2012. *See Lowe's Home Ctrs., Inc. v. Washington Cty. Bd. of Revision*, 145 Ohio St.3d 375, 2016-Ohio-372, 49 N.E.3d 1266, ¶ 24.

parties. We hold that the Utts' purchase was a "forced sale" under R.C. 5713.04 and reverse the BTA because the Utts failed to overcome the presumption, arising under R.C. 5713.04, that the sale was not indicative of the property's true value.

**Facts and Procedural History**

{¶ 4} The auditor valued the subject property at $79,700 for tax year 2012. The Utts complained that the property's true value was $20,000, because that is the price they paid for it in May 2011. The BOE filed a countercomplaint seeking to retain the auditor's valuation.

{¶ 5} The BOR notified the parties that it would hold a hearing on their claims. Before the hearing, the Utts sent the BOR copies of documents related to the purchase, including a parcel report from the auditor's website, a conveyance-fee statement, and a document related to the real-estate agent's listing. These documents showed that the Utts had purchased the property for $20,000 in May 2011.

{¶ 6} At the BOR hearing, a member of the board noted that the Utts' conveyance-fee statement was in the record and the attorney for the BOE acknowledged the Utts' $20,000 purchase. Although the BOE questioned whether the transaction constituted a recent arm's-length sale, no party argued that the Utts' evidence was inadmissible, and no one disputed that the May 2011 sale had occurred. The BOR nevertheless found that there was insufficient evidence to support the Utts' complaint because the Utts and their attorney did not attend the hearing.

{¶ 7} Michael Utt appealed to the BTA but did not file a brief or attend the BTA hearing. The auditor and the BOR, however, presented expert testimony from Paul B. Bellamy, J.D., Ph.D., who explained that Fannie Mae owned the property as a result of a foreclosure. After acquiring the property for $54,000 in February 2011, Fannie Mae sold it to the Utts in May 2011 for $20,000. Bellamy opined that the Utts' purchase price did not represent the true value of the property for tax year

2012 and stated that Fannie Mae did not act as a "typically motivated" seller, because it was insolvent at the time of the sale and under conservatorship of the Federal Housing Finance Agency ("FHFA").

{¶ 8} Because the parties did not dispute the sale price, the BTA reversed the BOR's decision and set $20,000 as the true value of the property. The BTA stated that "[a]bsent an affirmative demonstration such sale is not a qualifying sale for tax valuation purposes, we find the existing record demonstrates that the transaction was recent, arm's-length, and constitutes the best indication of the subject's value as of [the] tax lien date." The BTA found that Bellamy's testimony did not show that the transaction was not arm's length in nature because he "had no first-hand knowledge of the sale" and provided only "general market commentary." The appellants filed this appeal challenging the BTA's decision.

**Analysis**

*The Utts met their initial burden*

{¶ 9} Because they sought a decrease in the valuation of their parcel based on the price they paid for it, the Utts had the burden to show that their purchase was recent to the tax-lien date and arm's length in nature. *See* former R.C. 5713.03, Am.Sub.H.B. No. 260, 140 Ohio Laws, Part II, at 2722; *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566, 740 N.E.2d 276 (2001); *Snavely v. Erie Cty. Bd. of Revision*, 78 Ohio St.3d 500, 503, 678 N.E.2d 1373 (1997). If they could prove these facts and if they went unrebutted, former R.C. 5713.03 required the auditor to treat the sale price as the property's true value for tax year 2012. *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 13. Absent such a showing, however, the auditor was justified in not using the sale price.

{¶ 10} The appellants do not dispute that the Utts' purchase of the property was recent, but they argue that the sale was not at arm's length. The BTA found that it was an arm's-length sale because no evidence proved otherwise. The BTA

applied a judicially created presumption that the sale had occurred at arm's length. In its first proposition of law, the appellants challenge the BTA's application of that presumption. We must decide whether the BTA's decision was "reasonable and lawful," R.C. 5717.04.

{¶ 11} Because this case involves a judicially created presumption, it presents a legal issue that we consider de novo. *See Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11. But we will defer to the BTA's findings concerning the weight of evidence so long as they are supported by the record. *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27.

{¶ 12} We have recognized a rebuttable presumption that "the sale has met all the requirements that characterize true value," including that the sale was made at arm's length. *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997). This case first requires us to decide whether the Utts provided evidence sufficient to trigger the presumption that they purchased the property at arm's length. As we explain in *Lunn*, ___ Ohio St.3d ___, 2016-Ohio-8075, ___ N.E.3d ___, "[t]o benefit from this presumption, the proponent of a sale must satisfy a relatively light initial burden and need not 'definitive[ly] show[] * * * that no evidence controvert[s] the * * * arm's-length character of the sale.' " *Id*. at ¶ 14, quoting *Cummins*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, at ¶ 41.

{¶ 13} For the reasons explained in *Lunn*, we reject the proposition that the Utts had to appear at the BOR hearing to satisfy their initial burden. *See id*. at ¶ 15-16. Based on the record before us, we hold that the BTA acted reasonably and lawfully concerning its application of the rebuttable presumption because the Utts offered "basic documentation of a sale." *FirstCal Indus. 2 Acquisitions, L.L.C. v.*

*Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 24.

**{¶ 14}** In reaching this conclusion, we acknowledge that the Utts gave the BOR only a parcel report from the auditor's website, a conveyance-fee statement, and documentation of the real-estate agent's listing. In other cases, we have suggested that the proponent of a sale must provide at least a deed or purchase agreement—in addition to a conveyance-fee statement—as prima facie evidence of a sale. *See Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 28; *Cummins* at ¶ 7, 41. The absence of a deed or purchase agreement here is not fatal to the Utts' claim, because no party disputed the timing or price of the sale and the documents the Utts did provide demonstrated a "sale [that] on its face appear[ed] to be recent and at arm's length." *Cummins* at ¶ 41. Indeed, counsel for the auditor and the BOR first questioned the accuracy of the $20,000 sale price at oral argument before this court, and even then conceded that the conveyance-fee statement, which listed $20,000 as the sale price, had been filed with the auditor. We hold that the BTA did not abuse its discretion in recognizing a rebuttable presumption concerning the sale, because the parties did not dispute the basic facts of the sale at the BTA. *See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 31.

*The appellants rebutted the presumption of the arm's-length character of the sale*

**{¶ 15}** Although the Utts met their initial burden, thus triggering the rebuttable presumption that their purchase was an arm's-length transaction, we hold that the appellants successfully rebutted the element of arm's-length character. *See Cummins*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, at ¶ 13. At the BTA hearing, the appellants presented evidence showing that the seller, Fannie Mae, did not act as a typically motivated seller. We conclude that the BTA's

decision was unreasonable and unlawful because it mischaracterized and disregarded evidence showing that the sale was a forced sale under R.C. 5713.04.

{¶ 16} At the BTA hearing, the auditor and the BOR elicited expert testimony concerning the sale, which included extensive discussion of Fannie Mae and the circumstances under which it acquired and sold the property. In short, Bellamy testified that, due to its position as a guarantor, Fannie Mae had acquired the property from a mortgage company, which had initiated a foreclosure action against the property's prior owner. Evidence showed that three months after acquiring the property, Fannie Mae sold it to the Utts for $34,000 *less* than its acquisition price. At that time, Fannie Mae was insolvent and under the conservatorship of the FHFA.

{¶ 17} We believe that the BTA acted unreasonably when it discredited Bellamy's testimony based on his lack of "first-hand knowledge of the sale." Contrary to what the BTA found, Bellamy offered more than just "general market commentary." He exhibited extensive knowledge concerning a party to the sale—Fannie Mae—and its ability to act as a typically motivated seller at the time of the sale. And his opinion was corroborated by undisputed evidence showing that Fannie Mae sold the property to the Utts at a substantial loss three months after acquiring it as a result of a foreclosure.

{¶ 18} As we explained in *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 141 Ohio St.3d 243, 2014-Ohio-4723, 23 N.E.3d 1086, ¶ 43, "the opponent of a sale price has a very light burden to establish that a transaction was on its face * * * a forced sale" under R.C. 5713.04. We hold that the BTA, based on the undisputed facts before it, should have found that the appellants met this minimal burden. The evidence presented by the appellants showed that the terms of the sale "would likely [have been] unacceptable to a typically motivated seller." *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 31.

*See also Schwartz v. Cuyahoga Cty. Bd. of Revision*, 143 Ohio St.3d 496, 2015-Ohio-3431, 39 N.E.3d 1223, ¶ 28 (holding that "a sale of foreclosed property by [the United States Department of Housing and Urban Development] is generally regarded as a transaction that is not a voluntary sale between typically motivated market participants").

**{¶ 19}** Because the Utts purchased the property through a forced sale, they had "to prove that the sale was nevertheless an arm's-length transaction between typically motivated parties." *Olentangy* at ¶ 43. The documents the Utts provided do not meet that burden. The BTA, therefore, erred in setting the property's true value at $20,000.

## Conclusion

**{¶ 20}** For the foregoing reasons, we reverse the decision of the BTA and reinstate the BOR's valuation.

Decision reversed.

O'CONNOR, C.J., and LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER, O'DONNELL, and O'NEILL, JJ., dissent and would affirm the decision of the Board of Tax Appeals.

_____

Dennis P. Will, Lorain County Prosecuting Attorney, and John P. Kilroy, Assistant Prosecuting Attorney, for appellants Lorain County Board of Revision and Lorain County Auditor.

Hubbard & Hubbard and Neal Hubbard, for appellant Elyria City Schools Board of Education.

_____