**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Dauch v. Erie Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-1412.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1412

DAUCH, TRUSTEE, APPELLEE, *v.* ERIE COUNTY BOARD OF REVISION ET AL., APPELLANTS; TESTA, TAX COMMISSIONER, APPELLEE.

DAUCH, APPELLEE, *v.* ERIE COUNTY BOARD OF REVISION ET AL., APPELLANTS; TESTA, TAX COMMISSIONER, APPELLEE. (TWO CASES.)

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dauch v. Erie Cty. Bd. of Revision,* Slip Opinion No. 2017-Ohio-1412.]**

*Taxation—Real-property valuation—County board of revision and county auditor cannot complain about purported defects in the record they were responsible for preparing and certifying—Board of Tax Appeals' decisions affirmed.*

(Nos. 2014-2008, 2014-2009, and 2014-2010—Submitted February 7, 2017—Decided April 19, 2017.)

APPEALS from the Board of Tax Appeals, Nos. 2014-1410, 2014-1412, and 2014-1413.

————————————

**Per Curiam.**

{¶ 1} In these three appeals, which we consolidated for oral argument and we now consolidate for decision, we decide whether the Board of Tax Appeals ("BTA") acted reasonably and lawfully in valuing properties based on recent arm's-length-sale prices. The first case (case No. 2014-2008) involves a residential property owned by appellee Gale A. Dauch, trustee. The others (case Nos. 2014-2009 and 2014-2010) involve residential properties owned by Gale A. Dauch in his personal capacity. In each case, Dauch challenged the Erie County auditor's tax-year-2013 valuation, alleging that his recent arm's-length purchase established a lower true value. The Erie County Board of Revision ("BOR") retained the valuations because Dauch did not appear at the BOR hearings. The BTA reversed the BOR's decisions and valued the properties according to the sale prices. Appellants, the auditor and the BOR (collectively, "the county"), jointly appealed each decision to this court.

{¶ 2} The county raises six identical propositions of law in each case. Proposition of law Nos. 2 through 6 challenge the BTA's findings that arm's-length sales occurred. These propositions of law involve questions about the initial burden that is placed on a party who argues that a sale was arm's length in nature. We recently answered those questions in *Lunn v. Lorain Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2016-Ohio-8075, ___ N.E.3d ___. The facts in these three cases do not materially differ from those on that issue in *Lunn*, and we hold, based on *Lunn*, that the BTA's findings that the sales were arm's length in nature were reasonable and lawful.

{¶ 3} The remaining issues, raised in the county's first proposition of law, concern whether recent amendments to R.C. 5713.03 apply to these tax-year-2013 valuations and if so, whether the changes affect the outcome in this case. The county contends that the statutory changes permit taxing authorities to disregard a recent arm's-length-sale price. It is unnecessary for us to resolve those issues here,

however, because the county presented no evidence in support of alternative valuations. We therefore affirm the BTA's decisions.

**Facts and Procedural Histories**

*Case No. 2014-2008*

{¶ 4} The auditor valued the property, located at 434 Camp Street in Sandusky, at $41,460 for tax year 2013. Dauch complained to the BOR that the property's true value was $25,000—the price he paid for it in November 2011. The BOR notified Dauch that it would hold a hearing on the complaint and "request[ed] [his] attendance at the hearing to present facts and evidence supporting [his] estimate of the market value of the property." The BOR asked him to "provide the Board with a copy of any exhibits [he] plan[ned] to present as evidence."

{¶ 5} Before the hearing, Dauch notified the BOR that he "wish[ed] to waive [his] appearance at the Board Hearing." The waiver stated, "Please review all evidence of my property tax challenge case without my attendance and notify me of your decision." He submitted data printouts from the auditor's website and the first two pages of a settlement statement related to his November 2011 purchase. A conveyance-fee statement also appears in the record, but the county contends that Dauch did not submit that document to the BOR. The documents show that Dauch purchased the property in November 2011 for $25,000.

{¶ 6} Dauch did not attend the hearing, and no one appeared on his behalf. At the hearing, the auditor acknowledged that Dauch provided documents showing a sale but noted that "without being able to question the property owner or the individual who generated the materials, it is very difficult to ascertain the conditions regarding the sale." The BOR retained the auditor's valuation.

{¶ 7} Dauch appealed to the BTA, which reversed the BOR decision and valued the property at $25,000. The BTA found that Dauch's complaint, the property-record card, the conveyance-fee statement, and the pages from the settlement statement together constituted sufficient evidence that the November

2011 sale was a recent arm's-length transaction. The BTA stated that "absent an affirmative demonstration that the subject sale is not a qualifying sale for tax valuation purposes, we find the existing record demonstrates that the transaction was recent, arm's-length, and constitutes the best indication of the subject's value as of [the] tax lien date." The county appealed to this court.

*Case No. 2014-2009*

{¶ 8} The auditor valued the property, located at 138 Taylor Street in Sandusky, at $64,310 for tax year 2013, and Dauch complained to the BOR that it should have been valued according to the price he paid for it in September 2012—$53,900. As in case No. 2014-2008, the BOR notified Dauch of the scheduled hearing, asked him to attend, and instructed him to present evidence supporting his claim. Dauch again waived appearance at the hearing and asked the BOR to consider the materials he provided. He submitted parcel data from the auditor's website and the first page of a purchase contract related to his September 2012 purchase. A conveyance-fee statement and related questionnaire also appear in the record, but the county again contends that Dauch did not submit those documents. The documents all support Dauch's claim that he purchased the property at 138 Taylor Street in September 2012 for $53,900.

{¶ 9} The BOR retained the auditor's valuation, and Dauch appealed to the BTA, which reversed the BOR decision and valued the property at $53,900. The BTA found that the documents before it sufficiently showed that the September 2012 sale was a recent arm's-length transaction. The BTA explained that the county had not "affirmative[ly] demonstrat[ed] that the subject sale is not a qualifying sale for tax valuation purposes." The county appealed to this court.

*Case No. 2014-2010*

{¶ 10} The facts of the third appeal are much the same: The auditor valued the subject property, located at 817 Fulton Street in Sandusky, at $47,890 for tax year 2013. Dauch complained to the BOR that the property should have been

valued at $25,000, which is the price he paid for it in September 2013. After receiving Dauch's complaint, the BOR notified him that it had scheduled a hearing and asked him to attend and present evidence supporting his claim. Dauch again waived appearance and asked the BOR to consider the materials he provided. He submitted parcel data from the auditor's website and a buyer's closing statement related to his September 2013 purchase. A conveyance-fee statement and related questionnaire are also in the record, but the county says that Dauch did not submit those documents. The documents all show that Dauch purchased the subject property in September 2013 for $25,000.

**{¶ 11}** The BOR retained the auditor's valuation, and Dauch appealed to the BTA, which reversed the BOR decision and valued the property at $25,000. The BTA found that the evidence sufficiently showed that the September 2013 sale was a recent arm's-length transaction. As in the other cases, the BTA pointed out that the county had not "affirmative[ly] demonstrat[ed] that the subject sale is not a qualifying sale for tax valuation purposes." The county appealed to this court.

**Analysis**

*Standard of review*

**{¶ 12}** We must affirm the BTA's decisions if they were "reasonable and lawful." R.C. 5717.04. In making this determination, we must consider legal issues de novo, *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11, and defer to findings concerning the weight of evidence so long as they are supported by the record, *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27.

*The BTA properly considered the conveyance-fee statements*

**{¶ 13}** In its second proposition of law in each case, the county argues that the BTA improperly relied on the conveyance-fee statements showing Dauch's

purchases. The county contends that the BTA could not consider the statements, because Dauch did not present them to the BOR and the BOR did not rely on them.

{¶ 14} In making its value determinations, the BTA had to " 'independently weigh and evaluate all evidence properly before it.' " *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 76 Ohio St.3d 13, 15, 665 N.E.2d 1098 (1996), quoting *Black v. Cuyahoga Cty. Bd. of Revision*, 16 Ohio St.3d 11, 13-14, 475 N.E.2d 1264 (1985). The conveyance-fee statements were properly before the BTA because, as the county concedes, they were included in the statutory transcripts certified to the BTA under R.C. 5717.01. Although the BOR and the auditor now argue that the statements were included in error, they cannot now complain about purported defects in the records they were responsible for preparing and certifying. *See* R.C. 5715.09 and 5717.01; *Cannata v. Cuyahoga Cty. Bd. of Revision*, 147 Ohio St.3d 129, 2016-Ohio-1094, 62 N.E.3d 144, ¶ 14. Moreover, they made no effort to amend the statutory transcripts or to alert the BTA of the purported defects. Under these circumstances, the county has not demonstrated that the BTA erred in considering the conveyance-fee statements.

*Dauch met his initial burden of showing arm's-length sales*

{¶ 15} Because he sought to decrease the valuation of his properties based on the prices he paid for them, Dauch had the burden to show that his purchases were recent to the tax-lien date and arm's length in nature. *Lunn*, ___ Ohio St.3d ___, 2016-Ohio-8075, ___ N.E.3d ___, at ¶ 10. The county does not dispute that Dauch's purchases were recent; the issue is whether they were made at arm's length.

{¶ 16} The BTA reduced the valuations because the record in each case included evidence that Dauch had purchased the property and no evidence showed that the transaction was not made at arm's length. The BTA, in effect, applied the judicially created presumption that a submitted sale price "has met all the requirements that characterize true value," including that the sale was made at arm's

length, *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327, 677 N.E.2d 1197 (1997). Under this rule, if the proponent of a sale demonstrates that the sale occurred, and the sale on its face appears to have been at arm's length, then the opposing party has the burden of going forward with rebuttal evidence. *Id.* at 327-328.

{¶ 17} "To benefit from this presumption, the proponent of a sale must satisfy a relatively light initial burden and need not 'definitive[ly] show[ ] * * * that no evidence controvert[s] the * * * arm's-length character of the sale.' " (Brackets and ellipsis sic.) *Lunn* at ¶ 14, quoting *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 41. In *Lunn*, we held that a taxpayer-complainant does not need to appear at the board-of-revision hearing to satisfy his initial burden. *Id.* at ¶ 16. Instead of focusing on the taxpayer's attendance at the hearing, we have focused on whether the taxpayer provided " 'basic documentation of a sale.' " *Utt v. Lorain Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2016-Ohio-8402, ___ N.E.3d ___, ¶ 13, quoting *FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 24. A deed and conveyance-fee statement, *see, e.g.*, *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 28, or a deed and purchase agreement, *Cummins* at ¶ 3, 7, 41, satisfy this requirement.

{¶ 18} But we have not held that these particular documents are required in every case. Indeed, in *Utt*, we stated that the absence of a deed or purchase agreement was not fatal, "because no party disputed the timing or price of the sale" and the documents that were provided demonstrated a " 'sale [that] on its face appear[ed] to be recent and at arm's length.' " (Brackets sic.) *Utt* at ¶ 14, quoting *Cummins* at ¶ 41. Thus, a proponent may satisfy his initial burden with less documentary evidence if there is no real dispute about the basic facts of the sale.

*See id*.; *Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 31.

{¶ 19} In these cases, the BTA reasonably and lawfully concluded that there was sufficient evidence in the records to satisfy Dauch's initial burden. The BTA properly considered the conveyance-fee statements, the property-record cards, and other documents that show the timing and prices of Dauch's purchases. And significantly, the county concedes that the BTA had enough evidence to properly find that the sales took place. The documents in the appellate records, along with the lack of dispute over the fact of the sales, satisfied Dauch's initial burden. The BTA, therefore, correctly found that the county had to offer rebuttal evidence to challenge the element of arm's-length character concerning each sale. *See Cummins*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, at ¶ 13.

{¶ 20} The county's arguments to the contrary, which are raised in proposition of law Nos. 3 through 5, fail as a result of our holding in *Lunn* that a taxpayer-complainant need not appear at the board-of-revision hearing to satisfy his initial burden. *See Lunn*, ___ Ohio St.3d ___, 2016-Ohio-8075, ___ N.E.3d ___, at ¶ 16. Contrary to the county's argument, this rule does not "effectively shift[ ] the original burden of proof to the auditor and BOR." Once Dauch met his "light initial burden" to show facially qualifying sales, *Lunn* at ¶ 14, the county had the burden of going forward with rebuttal evidence, *Cincinnati School Dist.*, 78 Ohio St.3d at 327-328, 677 N.E.2d 1197. The ultimate burden of proof did not shift. *Id*.

{¶ 21} Nor does the rule stated in *Lunn* preclude the county from rebutting the presumption that the sales occurred at arm's length. Although the county is correct in stating that the property owner is most likely to possess information regarding the sales, *see FirstCal*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, at ¶ 25, the county was not powerless to obtain that information. R.C. 5715.10 empowers a board of revision to "call persons before it and examine them under

oath as to their own or another's real property." And once Dauch appealed to the BTA, the county could have obtained relevant documents through discovery and ensured Dauch's attendance at the hearings by issuing subpoenas. *See* R.C. 5703.03; Ohio Adm.Code 5717-1-14.

{¶ 22} In its sixth proposition of law, the county takes issue with the BTA's reliance on *Mason*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, arguing that the BTA improperly concluded that, under *Mason*, notations of the sales on the auditor's property-record cards triggered "a presumption of value." This argument lacks merit because the county overstates the BTA's reliance on the property-record cards. The BTA did not find that the notations on the property-record cards by themselves triggered a presumption of the properties' values. Rather, it identified the property-record cards as one of "several documents" reflecting the sales. BTA No. 2014-1410, 2014 WL 5605439, at *1 (Oct. 22, 2014); BTA No. 2014-1412, 2014 WL 5797913, at *1 (Oct. 30, 2014); BTA No. 2014-1413, 2014 WL 5797912, at *1 (Oct. 30, 2014). The BTA cited *Mason* only to support its conclusion that Dauch had met his initial burden.

*The county offered no rebuttal evidence or alternative valuation*

{¶ 23} Because Dauch met his initial burden, the county had to go forward with evidence to disprove the arm's-length nature of the sales. *Cincinnati School Dist.*, 78 Ohio St.3d at 327-328, 677 N.E.2d 1197. The county failed to do so. Therefore, we must conclude that the BTA reasonably and lawfully found that the sales occurred at arm's length and that the sale prices represent the properties' true values.

{¶ 24} The county contends in its first proposition of law that our inquiry cannot end here, because the General Assembly amended R.C. 5713.03 by removing mandatory language ("the auditor *shall* consider the sale price * * * to be the true value for taxation purposes" [emphasis added]) and replacing it with permissive language ("the auditor *may* consider the sale price * * * to be the true

value for taxation purposes" [emphasis added]). *See* Am.Sub.H.B. No. 260, 140 Ohio Laws, Part II, 2665, 2722; 2012 Am.Sub.H.B. No. 487 and 2012 Am.Sub.H.B. No. 510. The county argues that this change applies here and that it gives the BOR and the BTA authority to disregard the sale prices. We need not address these issues here, however, because the county presented no evidence in support of alternative valuations. The BTA acted reasonably and lawfully because the sale prices were the only evidence before it concerning the value of the subject properties.

**{¶ 25}** We therefore reject the county's propositions of law in each appeal and affirm the decisions of the BTA.

Decisions affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., Kelley A. Gorry, and James R. Gorry, for appellants.

_____