**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Huber Hts. City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-8819.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.


SLIP OPINION NO. 2017-OHIO-8819

HUBER HEIGHTS CITY SCHOOLS BOARD OF EDUCATION, APPELLANT, *v.*
MONTGOMERY COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Huber Hts. City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision,* **Slip Opinion No. 2017-Ohio-8819.]**

*Taxation—Real-property valuation—Basic facts of subject property's sale undisputed and supported by some evidence in record—Board of Tax Appeals reasonably and lawfully presumed that property's sale met all requirements that characterize true value—Board of Tax Appeals properly required school board to produce evidence rebutting recency of sale— Decision affirmed.*

(No. 2015-1388—Submitted September 26, 2017—Decided December 6, 2017.)

APPEAL from the Board of Tax Appeals, No. 2014-4891.

_____

**Per Curiam.**

{¶ 1} This case involves the tax-year-2013 valuation of a retail property that was split from a larger parcel and sold to appellee Huber Heights ABG, L.L.C., in June 2012. The Board of Tax Appeals ("BTA") determined that the property should be valued according to the sale price. We affirm the BTA's decision.

**Facts and Procedural History**

{¶ 2} The subject property consists of 11.496 acres on which a large retail building and a parking lot are situated. In June 2012, Huber Heights ABG purchased the property, which had been part of a larger parcel, for $550,000. The seller retained a small out lot.

{¶ 3} For tax year 2012, the Montgomery County auditor valued the original, undivided parcel at $1,661,130. Huber Heights ABG challenged that valuation, arguing that the undivided parcel should have been valued at $550,000, based on the sale price of the 11.496 acres, which included the existing retail building. The parties seem to agree that the tax-year-2012 case settled, resulting in a valuation of $850,000 for the undivided parcel.

{¶ 4} For tax year 2013, the auditor established a new parcel number for the subject property and valued it at $2,199,700. Huber Heights ABG filed a valuation complaint with the Montgomery County Board of Revision ("BOR"), asking for a reduction to $850,000—the same value attributed to the undivided parcel for tax year 2012. Appellant, Huber Heights City Schools Board of Education ("the school board"), filed a countercomplaint seeking to retain the auditor's valuation.

{¶ 5} Before the BOR hearing, Huber Heights ABG sent the BOR closing statements showing the June 2012 sale price of $550,000, but it did not send copies of those documents to the school board. Huber Heights ABG did not introduce those, or any other, documents at the BOR hearing; instead, an employee, Matthew Rentschler, testified that Huber Heights ABG purchased the property for $550,000 in June 2012. Rentschler also testified that between the date of the sale and January

1, 2013, Huber Heights ABG spent about $200,000 improving the property so that it could be used as a Rural King retail store. Rentschler asked the BOR to carry forward a value of $850,000, the prior agreed-upon valuation of the undivided parcel. The BOR instead reduced the new parcel's value to $1,282,740.

{¶ 6} The school board appealed to the BTA, which heard the case on the statutory transcript and the parties' written arguments. On appeal, the school board asked the BTA to reinstate the auditor's original valuation of $2,199,700, while Huber Heights ABG continued to seek a valuation of $850,000. The parties agreed that no evidence supported the BOR's valuation.

{¶ 7} The BTA rejected the BOR's valuation and valued the property at $550,000, finding that the June 2012 sale was a recent arm's-length transaction. The school board appealed to this court.

**Analysis**

{¶ 8} We must affirm the BTA's decision if it is "reasonable and lawful." R.C. 5717.04. In making this determination, we must consider legal issues de novo, *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, ¶ 10-11, and defer to findings concerning the weight of evidence so long as they are supported by the record, *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 27.

{¶ 9} In its three propositions of law, the school board argues that the BTA's decision is unreasonable and unlawful because Huber Heights ABG did not meet its initial burden of proof with competent and probative evidence. Central to this argument is the fact that Huber Heights ABG did not ask the BOR or the BTA to value the subject property according to the sale price. According to the school board, Huber Heights ABG's failure to advocate for the sale price was a concession that the sale was not recent to the tax-lien date and, therefore, that the sale price is not the best evidence of the property's value.

**{¶ 10}** Though it is true that Huber Heights ABG did not seek a valuation of $550,000 in the proceedings below, that does not mean that the BTA acted unreasonably or unlawfully in establishing $550,000 as the property's value. Irrespective of the values advocated by the parties, the BTA has an independent statutory duty to " 'determine the taxable value of the property.' " *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, ¶ 28, quoting R.C. 5717.03(B). The question, then, is whether the BTA reasonably and lawfully weighed and evaluated " ' "all evidence properly before it" ' in arriving at its own decision." *Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 2011-Ohio-5078, 958 N.E.2d 131, ¶ 13, quoting *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 128 Ohio St.3d 565, 2011-Ohio-2258, 949 N.E.2d 1, ¶ 17, quoting *Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 76 Ohio St.3d 13, 15, 665 N.E.2d 1098 (1996). Because the BTA relied exclusively on the property's sale price in determining its value, we must consider whether the record adequately supports the BTA's finding that the property was the subject of a recent arm's-length sale.

**{¶ 11}** Huber Heights ABG had "a relatively light initial burden" to demonstrate that the June 2012 sale was a qualifying sale under R.C. 5713.03. *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 14. Its initial burden has been satisfied if there was sufficient evidence that the sale occurred and that the sale appeared on its face to meet "all the requirements that characterize true value." *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St.3d 325, 327-328, 677 N.E.2d 1197 (1997); *Dauch v. Erie Cty. Bd. of Revision*, 149 Ohio St.3d 691, 2017-Ohio-1412, 77 N.E.3d 943, ¶ 16. If Huber Heights ABG met its initial burden, the school board then had the burden of producing rebuttal evidence showing that the sale was not at arm's length or not recent to the tax-lien date. *Cincinnati School Dist.* at 327-328.

**{¶ 12}** Here, the record contains relatively little documentation of the sale—only the closing statements Huber Heights ABG submitted to the BOR[1] and a property-record card that refers to the parcel split. In addition to this limited documentation, Matthew Rentschler testified that Huber Heights ABG purchased the property in June 2012 for $550,000.

**{¶ 13}** By itself, this evidence may not have established the presumption of a facially qualifying sale. *See FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921, 929 N.E.2d 426, ¶ 24 (referring to "the basic documentation of a sale"); *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 28 (relying on a deed and a conveyance-fee statement); *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 3, 7, 41 (relying on a deed and a purchase agreement). But, significantly, the school board concedes that the subject property sold in June 2012 for $550,000. We have held that "less documentary evidence" of a sale is required "if there is no real dispute about the basic facts of the sale." *Dauch* at ¶ 18, citing *Utt v. Lorain Cty. Bd. of Revision*, 150 Ohio St.3d 119, 2016-Ohio-8402, 79 N.E.3d 536, ¶ 14; *see Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 31. Because the basic facts of the sale are undisputed and are supported by some evidence in the record, we hold that the BTA reasonably and lawfully presumed that the June 2012 sale met all the requirements that characterize true value.

---

[1] The school board argues that the closing statements cannot be considered because they were not introduced or admitted into evidence at the BOR hearing. They were, however, included in the statutory transcript certified to the BTA under R.C. 5717.01. Because the school board did not object to the documents before the BTA, we hold that the school board waived any challenge to the closing statements. *See RNG Properties, Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, 19 N.E.3d 906, ¶ 33.

**{¶ 14}** The school board, therefore, had the burden of producing rebuttal evidence showing that the sale either was not at arm's length or not recent to the tax-lien date. *Cincinnati School Dist.*, 78 Ohio St.3d at 327-328, 677 N.E.2d 1197. The school board does not challenge the arm's-length nature of the sale, but it argues that the sale was not recent because Huber Heights ABG spent at least $200,000 improving the property between June 2012 and the tax-lien date.

**{¶ 15}** We have held that when substantial changes are made to a property after a sale, the sale may not be recent, even if it was temporally near the tax-lien date. *See W. Carrollton City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 150 Ohio St.3d 215, 2017-Ohio-4328, 80 N.E.3d 484, ¶ 9-12; *see also* R.C. 5713.03(B). In this case, the BTA acknowledged that the postsale expenditures were "considerable as compared to the sale price" but found that no evidence showed that they substantially changed the property. BTA No. 2014-4891, 2015 Ohio Tax LEXIS 3132, *9-10.

**{¶ 16}** The school board argues that the BTA improperly required it to produce evidence showing that the expenditures materially changed the property. According to the school board, it should not be required to disprove the recency of the sale with evidence of the nature of the improvements to the property, because Huber Heights ABG never advocated for the recency of the sale. The school board emphasizes that only Huber Heights ABG has access to information about the improvements.

**{¶ 17}** We reject this argument in view of the discussion above, which explains why the BTA reasonably and lawfully applied the presumption of recency recognized in *Cincinnati School Dist.*, 78 Ohio St.3d at 327-328, 677 N.E.2d 1197. And although the school board likely is correct that Huber Heights ABG possesses the relevant information concerning its expenditures on the property, that information could have been obtained through discovery, by cross-examining Rentschler, or by issuing a subpoena to some other knowledgeable witness. *See*

*Dauch*, 149 Ohio St.3d 691, 2017-Ohio-1412, 77 N.E.3d 943, at ¶ 21. Because it is settled that "when performing an independent valuation, the BTA is not bound by the values advocated by the parties," *Sapina*, 136 Ohio St.3d 188, 2013-Ohio-3028, 992 N.E.2d 1117, at ¶ 28, the school board had notice that it would need to rebut the recency or arm's-length character of the sale.

**{¶ 18}** Because the BTA properly required the school board to produce evidence rebutting the recency of the sale, the sole question is whether the BTA reasonably and lawfully weighed the evidence. The school board has not shown that the BTA abused its discretion in that regard. *See Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 129 Ohio St.3d 3, 2011-Ohio-2316, 949 N.E.2d 986, ¶ 18. We therefore defer to the BTA's recency finding.

**{¶ 19}** As a final matter, the school board cites *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, which we decided after briefing in this case was completed, as additional authority in support of its position. In *Terraza*, we held that R.C. 5713.03 as amended by 2012 Am.Sub.H.B. No. 487 applies to tax-year-2013 cases. *Id*. at ¶ 18. Under this version of the statute, "a recent arm's-length sale price is not conclusive evidence of the true value of property." *Id*. at ¶ 30. Although a recent arm's-length sale price remains the *best evidence* of a property's true value, such evidence can be rebutted. *Id*. at ¶ 31-34. Our holding in *Terraza* does not affect this case, however, because the school board offered no rebuttal evidence that supports an alternative valuation.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, Karol C. Fox, and Kimberly G. Allison, for appellant.

Critchfield, Critchfield & Johnson, Ltd., Peggy J. Schmitz, and Sarah B. Baker, for appellee Huber Heights ABG, L.L.C.

_____