[Cite as *ABC TGAB, L.L.C. v. Stark Cty. Bd. of Revision*, 2021-Ohio-4185.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ABC TGAB, LLC, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| STARK COUNTY BOARD OF REVISION, | : | Case No. 2021CA00030 |
| *et al.,* | : | |
| | : | |
| Defendants - Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Stark County Court
                                 of Common Pleas, Case No.
                                 2020CV01309


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                November 24, 2021


APPEARANCES:

For Plaintiff-Appellant                  For Defendants-Appellees

BRIAN T. WINCHESTER                      ROBERT M. MORROW
JESSE M. SCHMIDT                         Lane Alton
McNeal Schick Archibald & Biro Co., LPA  Two Miranova Place, Suite 220
4608 St. Clair Ave.                      Columbus, Ohio 43215
Cleveland, Ohio 44103
                                         Mary Jo Shannon Slick
                                         Stark County Educational Service
                                         Center
                                         6057 Strip Ave. N.W.
                                         North Canton, Ohio 44720

*Baldwin, P.J.*

{¶1}   Plaintiff-appellant ABC TGAB, LLC appeals from the February 19, 2021 Judgment Entry of the Stark County Court of Common Pleas affirming the decision of the Stark County Board of Revision.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant ABC TGAB, LLC (hereinafter "ABC") purchased seven parcels of land on December 5, 2019. These undeveloped seven parcels, which totaled 43.39 acres, were part of the seven parcels purchased from Tam-O-Shanter Company in December of 2019 for $8,750,000. The seven parcels (10011537, 10011539, 10011540, 10011541, 10011542, 10011543, 10011544) totaled 59.12 acres.  Two of the seven parcels (10011540, 10011541), which totaled 15.73 acres, were simultaneously sold a third party (Meijer Stores Limited Partnership) for $4,600,000 in another arm's length transaction recorded on December 6, 2019.  This left a remainder of 43.39 acres.

{¶3}   Appellee Jackson Local School District Board of Education received tax revenue from the parcels.   Appellee filed a valuation complaint with the Board of Revision for the tax lien date of January 1, 2019. Appellee sought a value of $4,150,000 for the five parcels , which represented the difference between the total purchase price for appellant's seven parcels ($8,750,000) and the sale price of the two parcels ($4,600,000) sold to the third party, Meijer Stores Limited Partnership. In turn, appellant, based upon the testimony and appraisal of its appraiser, Daniel Miller, sought a valuation of $3,253,000. The Board of Revision found in favor of appellee and issued a decision on August 27, 2020 determinizing that the value of the five parcels was $4,150,000.

**{¶4}** Appellant then appealed to the trial court. At the hearing before the trial court, appellant's expert appraiser, Daniel Miller, testified that because the five parcels had different potential best uses and would likely be partially combined as part of any sale, he treated them as five separate properties. As of January 1, 2019, all of the properties were undeveloped land. Miller concluded that parcels 10011543 and 10011544 (+/- 6.77 acres) (Property One) were commercial vacant land and that their highest and best use was a commercial development. The contiguous parcels were at a four way lighted intersection with good road frontage, and good exposure and visibility. He opined that Property One's value was $1,185,000. With respect to parcel numbers 10011537 and 10011542 (+/- 14.92 acres) (Property Two), Miller concluded that this was vacant residential land with a highest and best use as senior residential living or assisted residential living with a market value of $940,000. These parcels have minimal frontage on Fulton Drive N.W., a public road, and minimal visibility and exposure. Finally, with respect to parcel number 10011539 (+/- 21.70 acres) (Property Three), Miller opined that this was too was residential vacant land with a highest and best use as senior residential living or assisted residential living with a market value of $1,128,000. This parcel has minimal public road frontage and minimal visibility and exposure. Miller's appraisal was dated January 1, 2019.

**{¶5}** In order to arrive at his appraised values, Miller considered sales of properties comparable to all three properties. For Property One, he considered the sales of three similar commercial properties within the past five years and used the sales prices of the same to arrive at a price of $175,000.00 per acre. With respect to Property Two, Miller compared such property with four recent sales of residential properties which were

developed into senior/assisted living residences and with respect to Property Three, he compared such property with five sales of residential properties which were developed into senior/assisted living /skilled nursing facilities.  Miller arrived at a price of $63,000 per acre and $52,000 per acre respectively.

{¶6}    Appellee did not have any licensed appraiser or any other expert witness testify at the hearing, Rather, appellee subtracted the sale price of the two parcels ($4,600,000) from appellant's purchase price of the seven parcels ($8,750,000) , to arrive at an aggregate value of the remaining five parcels of $4,150,000.

{¶7}    The Transcript of the Board of Revision hearing was filed and briefs were filed by the parties. As memorialized in a Judgment Entry filed on February 19, 2021, the trial court affirmed the decision of the Board of Revision.

{¶8}    Appellant now appeals, raising the following assignment of error on appeal:

{¶9}    "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AFFIRMED THE DECISION OF THE BOARD OF REVISION."

I

{¶10}  Appellant, in its sole assignment of error, argues that the trial court erred and abused its discretion in affirming the decision of the Board of Revision. We disagree.

{¶11}  Pursuant to R.C. 5717.05, a trial court may hear an appeal from the decision of the county's Board of Revision. R.C. 5717.05 requires more than a mere review of the decision of the Board of Revision. *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). In reviewing the Board's decision, "the common pleas court is to give the * * * decision no deference." *Lockhart Dev. Co. v. Summit Cty. Bd. of Revision,* 9th Dist. Summit No. 25728, 2011–Ohio–5000, ¶ 8. "Under [R.C.]

5717.05, a common pleas court must 'independently weigh and evaluate all evidence properly before it' in order to 'make an independent determination concerning the valuation of the property at issue.' " *Id.* at ¶ 8, quoting *Black,* supra at 13, 475 N.E.2d 1264. "On the other hand, an appellate court should only disturb the trial court's independent judgment upon an abuse of discretion." *JRB Holdings, L.L.C. v. Wayne Cty. Bd. of Revision,* 9th Dist. No. 05CA0048, 2006–Ohio–1042, ¶ 6. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} Article XII, Section 2 of the Ohio Constitution requires property to be "taxed by uniform rule according to value." "[T]he value or true value in money of any property is the amount for which that property would sell on the open market by a willing seller to a willing buyer. In essence, the value of property is the amount of money for which it may be exchanged, i.e., the sales price." *State ex rel. Park Inv. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 412, 195 N.E.2d 908 (1964).").

{¶13} While appellant argues that the trial Board of Revision erred in not accepting the report and testimony of its appraiser, we note that the it is not required to adopt the appraisal methodology espoused by any expert or witness. See *Youngstown Sheet & Tub Co. v. Mahoning Cty. Bd. Of Revision*, 66 Ohio St.2d 398, 422 N.E.2d 846, paragraph one of the syllabus (1981).

{¶14} Appellant contends that the trial court abused its discretion when it affirmed the decision of the Board of Revision. Appellant argues that the trial court completely rejected the report of the appraiser and that appellee failed to present any testimony challenging the appraiser's findings. We disagree.

**{¶15}** There was evidence before the trial court that appellant purchased seven contiguous parcels for $8,750,000 in December of 2019 and subsequently shortly thereafter sold two of the parcels for $4,600,000. As noted by appellee, this was documented by the relevant deeds and conveyance forms. Subtracting $4,600,000 from $8,750,000 equals $4,150,000.

**{¶16}** R.C. 5713.03 requires county auditors to:

> determine, as nearly as practicable, the true value of the fee simple estate, as if unencumbered * * *," of real property. In so doing, if the property "has been the subject of an arm's length sale between a willing seller and a willing buyer within a reasonable length of time, * * * the auditor may consider the sale price * * * to be the true value for taxation purposes. *Id.*

*Columbus City Schools Bd. of Edn v. Franklin Cty Bod. Of Revision.*, 159 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877, ¶ 28.

**{¶17}** R.C. 5713.03 creates a rebuttable presumption that a property's recent sale price in an arm's-length transaction constitutes the best evidence of the true monetary value. *Id.* at ¶ 29, citing *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 33, citing *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 363 N.E.2d 722 (1977), paragraph one of the syllabus, citing R.C. 5713.01. The court also recognizes " 'a companion presumption that 'a submitted sale price has met all the requirements that characterize true value,' subject to rebuttal by proof that the sale was not at arm's length or not recent.' " *Id.* at ¶ 29, quoting *Terraza 8* at ¶ 32, quoting *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 78 Ohio St. 3d 325, 327, 677 N.E.2d 1197 (1997).

**{¶18}** In the case sub judice, the trial court focused on the actual sales price of the parcels. The Ohio Supreme Court has consistently held the best evidence of true value for real estate taxation purposes is a recent sale in an arm's-length transaction between a willing seller and a willing buyer. *Amerimar Canton Office, L.L.C. v. Stark Cty. Bd. of Revision,* 5th Dist. Stark No.2014CA00162, 2015–Ohio–2290, ¶ 20 citing *Zazworsky v. Licking Cty. Bd. of Revision,* 61 Ohio St.3d 604, 575 N.E.2d 842 (1991). See also *Hillard City School Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 53 Ohio St.3d 57, 558 N.E.2d 1170 (1990).

**{¶19}** An arm's-length transaction is " 'one which encompasses bidding and negotiation on the open market between a ready, willing and able buyer, and a ready, willing and able seller, both being mentally competent, and neither acting under duress or coercion.' "*Walters v. Knox Cty. Bd. of Revision,* 47 Ohio St.3d 23, 25, 546 N.E.2d 932, 935, (1989). "[A]n arm's-length sale is characterized by these elements: it is voluntary, i.e., without compulsion or duress; it generally takes place in an open market; and the parties act in their own self-interest." *Id.* This showing may be made by, for example, furnishing a deed and a conveyance-fee statement. *See Dauch v. Erie Cty. Bd. of Revision,* 149 Ohio St.3d 691, 2017-Ohio-1412, 77 N.E.3d 943, ¶ 17, citing *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 28.

**{¶20}** In the case sub judice, four exhibits were presented by appellant to the Board of Revision regarding the sales, These exhibits are as follows:

**{¶21}** Exhibit 1 – A Conveyance Fee Statement signed on December 4, 2019 and filed on December 6, 2019 for the sale of the two Meijer Parcels by ABC.

{¶22}  Exhibit 2 – A Conveyance Fee Statement signed on December 4, 2019 and filed on December 5, 2019 involving the original sale transaction between Tam-O-Shanter to ABC for the seven parcels.

{¶23}  Exhibit 3- A Deed from Tam-O-Shanter to ABC signed on December 4, 2019 for the seven parcel sale which was recorded on December 5, 2019.

{¶24}  Exhibit 4 – A Deed from ABC to Meijer signed on December 5, 2019 for the sale of the two Meijer Parcels which was recorded on December 6, 2019.

{¶25}  The trial court found that "[w]ith the presentation of this evidence, rebuttable presumptions arise that the sales prices meet all of the requirements of true value and constitute the best evidence of the true value of the collective properties. Thus, the burden shifts to Appellant to present evidence to the contrary."

{¶26}  Contrary to appellant's assertion, the trial court did consider the testimony and appraisal of appellant's appraiser, Daniel Miller. Rather, the trial court found that Miller's opinions were not as persuasive as the actual sales themselves and did not constitute superior evidence of value. The trial court found that there were a number of flaws contained within Miller's appraisal. For example, the trial court, as noted by appellee, noted that Miller was analyzing the ABC parcels in pieces rather than as a whole and that Miller used sales transactions occurring in 2014, 2015 and 2015 as comps. The trial court further did not find persuasive Miller's belief that it was proper to categorize some three of the five parcels as "residential" when they were listed in the Property Record Cards as "commercial" and all five parcels were zoned as commercial.  Moreover, the trial court noted in a footnotes on page 10 of its decision that just eight months after the initial sales transactions involving appellant, appellant, in August of 2020,  sold an

additional eight acres of property that Miller had categorized as "Property Two type properties for $1,800,000 which would represent a value of $225,000 per acre.  The trial court, in its decision, stated that "[t]his contrast is particularly striking when one considers that Mr. Miller's appraisal results in an average per-acre price of just $75,000 (a total of 43.49 acres with a taxable value of $3,253,000)."  The trial court found that the actual sale price per acre was more persuasive than the "theoretical per-acre valuation" suggested by Miller.

{¶27}  Based on the forgoing, we find that the trial court did not abuse its discretion in affirming the decision of the Board of Revision. The trial court's well-reasoned decision was not arbitrary, unconscionable or unreasonable.

{¶28}  Appellant's sole assignment of error is, therefore, overruled.

{¶29}  Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Gwin, J. and

Wise, John, J. concur.