[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lone Star Steakhouse & Saloon of Ohio, Inc. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-1612.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-1612

LONE STAR STEAKHOUSE & SALOON OF OHIO, INC., APPELLANT, *v*. FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lone Star Steakhouse & Saloon of Ohio, Inc. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-1612.]**

*Taxation—Real-property valuation—A facially qualifying sale enjoys presumption of recency even when it postdates tax-lien date by more than 24 months—Board of Tax Appeals erred in finding that sale of property was too remote from tax-lien date and in requiring property owner to present evidence showing that either market conditions or character of property had remained the same between sale date and tax-lien date—Decision reversed and cause remanded.*

(No. 2016-0145—Submitted January 23, 2018—Decided April 26, 2018.)

APPEAL from the Board of Tax Appeals, No. 2015-423.

_____

**Per Curiam.**

{¶ 1} In this real-property-valuation case involving tax year 2012, appellant, Lone Star Steakhouse & Saloon of Ohio, Inc. ("Lone Star"), sought a reduction in the valuation of a property it once owned based on the property's sale price. Appellee Franklin County Board of Revision ("the BOR") rejected the sale price as the criterion of value and instead retained the county auditor's valuation. On appeal, the Board of Tax Appeals ("BTA") adopted the BOR's valuation, finding that the sale was too remote in relation to the tax-lien date. We conclude that the BTA misapplied our precedent in determining that the sale was too remote. We accordingly reverse the BTA's decision and remand the case with instructions that the BTA use the sale price to value the property for tax year 2012.

## FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The subject property consists of a 5,344-square-foot restaurant located on a 1.71-acre parcel. For tax year 2012, the Franklin County auditor valued the property at $1,250,000. Lone Star filed a complaint seeking a reduction of this valuation to $750,000, and appellee Board of Education of the South-Western City School District ("the BOE") responded with a countercomplaint urging retention of the auditor's valuation.

*BOR proceedings*

{¶ 3} At the BOR hearing, Lone Star's counsel presented three documents in support of the complaint. First, he presented a warranty deed memorializing a transfer of the property from Lone Star to J.M. Mendez, Inc. The deed's effective date is listed as December 31, 2013, but stamps marked on the deed by the auditor's and recorder's offices are dated January 21, 2014. Second, he presented a conveyance-fee statement listing the consideration as $700,000. The statement was signed on behalf of J.M. Mendez, Inc., on December 31, 2013, but it bears an auditor's stamp of January 21, 2014. Third, he presented an escrow-trust-disbursement statement showing a purchase price of $700,000 and a disbursement

date of December 31, 2013. After furnishing these three documents, Lone Star's counsel insisted that the property should be valued based on the sale price of $700,000. Lone Star's counsel did not call any witnesses to testify on its behalf.

{¶ 4} In response to questioning from the BOE, Lone Star's counsel stated that he did not represent Lone Star during the sale of the property and did not have personal knowledge about how the property had been marketed or sold. The BOE then argued that the BOR should not rely on the sale price, because no one with personal knowledge about the sale had appeared to testify.

{¶ 5} The BOR retained the county auditor's valuation of $1,250,000. The BOR remarked during its deliberations that Lone Star's evidence did not justify a reduction, because no witness had appeared to testify about the sale.

*BTA proceedings*

{¶ 6} Lone Star appealed to the BTA but waived its appearance at the hearing. The BOE appeared but did not present evidence; instead, it argued that the BTA should disregard Lone Star's evidence because no one with personal knowledge of the sale had appeared before the BOR to testify. The BOE also asserted that the sale was too remote in relation to the tax-lien date to justify a finding of recency.

{¶ 7} The BTA regarded the sale as taking effect on January 21, 2014, slightly more than 24 months after the January 1, 2012 tax-lien date, and it agreed with the BOE that the sale price should not be used to value the property, because the sale was too remote from the tax-lien date. Relying on *Akron City School Dist. Bd. of Edn. v. Summit Cty. Bd. of Revision*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, the BTA found dispositive Lone Star's failure to present evidence showing that either market conditions or the property's character had remained the same between the sale date and the tax-lien date. The BTA did not explicitly address whether the sale was conducted at arm's length.

**{¶ 8}** The BTA ultimately adopted the BOR's valuation of $1,250,000 because in its view, there was no other evidence that would allow an independent valuation to be performed. Lone Star then filed this appeal.

## STANDARD OF REVIEW

**{¶ 9}** We will affirm a BTA decision that is reasonable and lawful. *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. We apply de novo review to the BTA's resolution of legal issues, but we will defer to the BTA's findings concerning the weight of the evidence if there is record support for them. *Lunn v. Lorain Cty. Bd. of Revision*, 149 Ohio St.3d 137, 2016-Ohio-8075, 73 N.E.3d 486, ¶ 13.

## DISCUSSION

*The sale took effect more than 24 months after the tax-lien date*

**{¶ 10}** We begin by addressing Lone Star's third proposition of law, which requires us to determine the effective date of the subject property's sale for real-property-valuation purposes. Relying on general property-law principles, Lone Star maintains that the sale occurred on the effective date of the deed—December 31, 2013—which would make the sale slightly *less* than 24 months removed from the January 1, 2012 tax-lien date. On the other hand, the BOE argues (and the BTA found) that the sale became effective when the conveyance-fee statement was filed in the county auditor's office—January 21, 2014—which would make the sale slightly *more* than 24 months removed from the tax-lien date.

**{¶ 11}** The guidepost for resolving this question is *HIN, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 124 Ohio St.3d 481, 2010-Ohio-687, 923 N.E.2d 1144, in which we held that the effective date of a sale for real-property-valuation purposes is the date the conveyance-fee statement is filed in the county auditor's office, *id.* at ¶ 24. Applying that holding here, January 21, 2014, is the effective date of the sale because that is when the conveyance-fee statement was filed in the auditor's office. Given our holding in *HIN*, there is no merit to Lone Star's reliance on

general property-law principles in asserting that the sale occurred on the deed's effective date.

*The BTA erred in rejecting the sale as too remote*

**{¶ 12}** In its first proposition of law, Lone Star asserts that because it presented facially qualifying evidence of a sale, the BOE acquired the burden to present rebuttal evidence showing that the sale should not be used as the criterion of value. Because the BOE did not present such evidence, Lone Star reasons, the BTA erred in concluding that the sale was too remote. Lone Star's second proposition of law contends that the BTA misread our decision in *Akron*, 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 1004, as requiring the proponent of a sale price to provide additional evidence showing that the sale is recent when it postdates the tax-lien date by more than 24 months. These two propositions interrelate and will be addressed together.

**{¶ 13}** Because Lone Star's appeal hinges on the use of a sale price to value the property, a familiar set of principles comes into play. Under former R.C. 5713.03, Am.Sub.H.B. 260, 140 Ohio Laws, Part II, 2665, 2722, which applies to tax year 2012, the proponent of a sale price must show that the sale was both "recent to the tax-lien date and arm's length in nature." *Utt v. Lorain Cty. Bd. of Revision*, 150 Ohio St.3d 119, 2016-Ohio-8402, 79 N.E.3d 536, ¶ 9 (applying former R.C. 5717.03 to tax year 2012). This showing may be made by, for example, furnishing a deed and a conveyance-fee statement. *See Dauch v. Erie Cty. Bd. of Revision*, 149 Ohio St.3d 691, 2017-Ohio-1412, 77 N.E.3d 943, ¶ 17, citing *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 28. After such a showing is made, a rebuttable presumption arises that regards the sale as characteristic of true value. *Id.* at ¶ 16-17. Thereafter, it falls to the opponent on rebuttal to show that the sale was either not recent or not at arm's length. *Cummins Property Servs., L.L.C. v. Franklin Cty. Bd. of Revision*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, ¶ 13.

**{¶ 14}** Here, Lone Star submitted certified copies of the deed, the conveyance-fee statement, and the disbursement statement. Under the case law, we would ordinarily conclude that this quantum of evidence triggered the rebuttable presumption that Lone Star's sale met all the requirements that characterize true value. *Dauch* at ¶ 17.[1] But our analysis cannot end here, because the BTA, in reliance on *Akron*, viewed as fatal Lone Star's failure to present evidence showing that either market conditions or the character of the property had remained the same between the sale date and the tax-lien date.

**{¶ 15}** *Akron* involved a sale that predated the tax-lien date of a reappraisal year by 29 months. The property owners argued that the presumption of recency did not apply on those facts, and we agreed:

> We hold that a sale that occurred more than 24 months before the lien date and that is reflected in the property record maintained by the county auditor or fiscal officer should not be presumed to be recent when a different value has been determined for that lien date as part of the six-year reappraisal. Instead, the proponent of the sale price as the value should come forward with evidence showing that market conditions or the character of the property has not changed between the sale date and lien date.

---

[1] The BOE raises a familiar, and by now discredited, set of arguments urging us not to conclude that Lone Star triggered the presumption that its sale occurred at arm's length. It attacks Lone Star for failing to present a witness to testify about the circumstances giving rise to the sale, and it avers that because it lacks access to evidence that could prove whether a sale was transacted at arm's length, it was incumbent on Lone Star as a party to the sale to furnish a witness to describe the underlying circumstances of the sale. But "a taxpayer-complainant does not need to appear at the board-of-revision hearing to satisfy his initial burden." *Dauch*, 149 Ohio St.3d 691, 2017-Ohio-1412, 77 N.E.3d 943, at ¶ 17. And the BOE is not "powerless" to rebut the presumption that a sale occurred at arm's length. *Id.* at ¶ 21 (noting discovery tools that a litigant may avail itself of in a real-property-valuation proceeding). At bottom, then, it was the BOE's burden to present rebuttal evidence to disprove the arm's-length nature of the sale. *Id.* at ¶ 23. The BOE furnished no such evidence, and we therefore conclude that the presumption remains intact with respect to this element.

139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 92, at ¶ 26.  In the absence of such a rule, we observed, "the fiscal officer's duty to conduct an accurate reappraisal every six years would be impaired by sales too remote to be relevant." *Id.* at ¶ 27.

{¶ 16} In this case, the BTA began by correctly citing *Cummins*, 117 Ohio St.3d 516, 2008-Ohio-1473, 885 N.E.2d 222, at ¶ 35, for the proposition that the recency inquiry must account for more than just temporal proximity.  But then the BTA remarked: "Nevertheless, as a sale becomes more distant in time from a tax lien date, 'the proponent of the sale price as the value should come forward with evidence showing that market conditions or the character of the property has not changed between the sale date and lien date.' "  BTA No. 2015-423, 2015 Ohio Tax LEXIS 4411, *5-6 (Dec. 30, 2015), quoting *Akron* at ¶ 26.  Following this remark, the BTA tersely concluded that the sale of the subject property was too remote from the tax-lien date.  Both sides agree that the BTA's ruling in effect establishes a per se rule requiring the proponent of a sale price to prove recency by presenting additional evidence whenever a sale postdates the tax-lien date by more than 24 months.

{¶ 17} The BTA's analysis rests on a misreading of our holding in *Akron*.  Specifically, the BTA excised the holding's first sentence, replaced it with general language of its own, and then linked that general language with the holding's second sentence.  The BTA thereby suggested that the presumption of recency does not attach to a sale that postdates the tax-lien date by more than 24 months.  But that is not what we held in *Akron*.  By its express terms, *Akron* applies when the sale occurs more than 24 months *before* the tax-lien date of a reappraisal year and is reflected in the property record.  *Akron* at ¶ 26.  When those facts are present and the county auditor determines a different value in the reappraisal, the sale does not enjoy a presumption of recency.  *Id.*  Here, in contrast, Lone Star's sale occurred

*after* the tax lien-date, and for that reason alone, *Akron* should not have controlled the BTA's analysis.

{¶ 18} It might be argued that *Akron*'s 24-month rule should be understood to extend the 24-month period in each direction from the tax-lien date. But Justice Kennedy's concurring opinion in *Akron* suggests that it would be a mistake to apply the decision that way. As she explained, *Akron*'s 24-month rule reflects that an "earlier sale was already taken into account, but found not to be probative because of a perceived change in the market." 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 92, at ¶ 43 (Kennedy, J., concurring). Continuing, she noted that when a sale postdates the tax-lien date of a reappraisal year, the 24-month rule may not apply because that sale could not have been accounted for by the reappraisal. "Arguably, a later sale constitutes brand new evidence that might call for reconsidering the question of value for the past year." *Id.*

{¶ 19} Guided by that logic, we conclude that a facially qualifying sale, like the one presented by Lone Star here, still enjoys a presumption of recency even when it postdates the tax-lien date by more than 24 months. We thus reverse the BTA's contrary conclusion that Lone Star was required to present additional evidence showing that either market conditions or the character of the property had remained the same between the sale date and the tax-lien date. It follows that when the proponent of a sale price furnishes facially qualifying evidence of the sale, as Lone Star did here, it becomes the opponent's burden on rebuttal to disprove the sale's presumptive recency. Here, the BOE presented no such rebuttal evidence, and the presumption therefore remains intact.

*A remand to consider additional evidence is unnecessary*

{¶ 20} At oral argument, the BOE asserted for the first time in this case that if this court does not endorse the BTA's analysis, then the case should be remanded to permit the BOE to present evidence showing that the sale was not characteristic of true value. This argument rests on the premise that a departure from the BTA's

reasoning would mark a change in preexisting law. Given the argument's belated nature, we find that it has been forfeited. *See State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, 78 N.E.3d 851, ¶ 85.

{¶ 21} Were we to reach the BOE's argument, we would not find it persuasive. The bright-line rule that we articulated in *Akron* constitutes a limited exception to the general rule that a facially qualifying sale enjoys a presumption of recency. That *Akron* itself was a departure and a clarification is made evident by our ordering a remand in that case for the presentation of additional evidence. 139 Ohio St.3d 92, 2014-Ohio-1588, 9 N.E.3d 92, at ¶ 28-29. Our decision today, in contrast, adheres to rules of law that find expression in a burden-shifting framework that by now has become commonplace. Moreover, the BOE's implication that it abstained from making an evidentiary presentation in reliance on BTA precedent applying *Akron*, which at the time consisted of a single case with a roughly six-month vintage, carries little weight.[2]

### CONCLUSION

{¶ 22} For the foregoing reasons, we reverse the BTA's decision and remand the case with instructions that the BTA use the sale price to value the property for tax year 2012.

Decision reversed
and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FISCHER, and DEWINE, JJ., concur.

FRENCH, J., concurs in judgment only.

---

[2] The BTA issued *Margaret Realty Co. v. Cuyahoga Cty. Bd. of Revision*, BTA No. 2014-1251, 2015 WL 1966810, on April 28, 2015, and the BTA held its hearing in this case on November 4, 2015. The other two BTA decisions cited by the BOE were issued after that hearing. *See 1033 Brentnell, L.L.C. v. Franklin Cty. Bd. of Revision*, BTA No. 2015-667, 2016 WL 2933383 (Feb. 18, 2016); *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA No. 2014-3918, 2015 WL 10936019 (Dec. 3, 2015).

DeGenaro, J., not participating.

————————————

The Gibbs Firm, L.P.A., Ryan J. Gibbs, and Geoffrey N. Byrne, for appellant.

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, and Karol C. Fox, for appellee Board of Education of the South-Western City School District.

————————————