[Cite as *AHIP OH Cleveland Properties, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2023-Ohio-3470.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

AHIP OH CLEVELAND PROPERTIES   :
LLC,

      Plaintiff-Appellant,       :

                                     No. 111969

      v.                      :

CUYAHOGA COUNTY BOARD OF   :
REVISION, ET AL.,

      Defendants-Appellees.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 28, 2023

---

Administrative Appeal from the Board of Tax Appeals
Case No. 2020-47

---

### *Appearances:*

Sleggs, Danziger & Gill, Co., LPA, and Todd W. Sleggs, *for appellant*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini, Assistant Prosecuting Attorney, *for appellees* Cuyahoga County Fiscal Officer and Board of Revision.

Brindza McIntyre & Seed LLP, David H. Seed, Robert A. Brindza, Daniel McIntyre, and David A. Rose, *for appellee* Independence Local School District Board of Education.

LISA B. FORBES, J.:

{¶ 1}    Appellant AHIP OH Cleveland Properties LLC ("AHIP"), appeals the Board of Tax Appeals' ("BTA") decision finding the value of AHIP's property to be $35,420,000 for tax year 2018.  After reviewing the facts of the case and the pertinent law, we affirm.

I.    **Facts and Procedural History**

{¶ 2}    AHIP acquired the Embassy Suites Hotel in Independence, Ohio (the "subject property") on January 24, 2017, as part of a bulk purchase of three hotels for a combined total of $116,500,000.  The conveyance-fee statement for the subject property indicates that the subject property was purchased for $36,320,000, which broke down into two components: $35,420,000 for real property and $900,000 for items other than real property.

{¶ 3}    The county auditor initially valued the subject property at $34,303,900 for tax year 2018.  The Independence Board of Education ("BOE") filed a "complaint against value of real property" asserting that the value for tax purposes should be $36,320,000.  AHIP also filed a complaint, arguing the value of the real estate was $27,500,000[1] and stating "The County Auditor's valuation exceeds true market value.  The most recent sale and associated price includes non-realty assets." Both complaints acknowledge that the real property was sold within the last three years on January 24, 2017, for $35,420,000.

---

[1] AHIP confirmed at the hearing before the BOR that its opinion of value was $27,500,000; however, we note that on the complaint, in addition to that value, there is a handwritten value of $25,600,000.

{¶ 4} On November 26, 2019, the Board of Revisions ("BOR") held a hearing on the complaints. At the hearing, the BOE submitted the conveyance-fee statement and deed from the 2017 sale of the subject property in support of its position that the sale price reflected the subject property's true value. The BOR also heard testimony from an appraiser on behalf of AHIP, Samuel Koon ("Koon"). Additionally, AHIP submitted Koon's appraisal report and an appraisal report from another entity, Hotel Valuation Services ("HVS") to the BOR.

{¶ 5} Following the hearing, the BOR issued an Oral Hearing Journal Summary, finding that Koon's "report does not indicate any significant change in the market that would affect value, only a change in management is demonstrated in the report." Further, "[n]o appraiser was available to authenticated [sic] the HVS appraisal. No party to the sale was available to testify to the arm's length nature of the sale. No representative from ownership or management of the hotel was available to inform the board on changes in income and expenses." As a result, the BOR found "the sale is recent to the tax lien, determined to be indicative of value, and no probative evidence or testimony regarding a change in the market was proffered to rebut the sale is the best indication of value." The BOR determined that the value of the subject property for tax year 2018 was $35,420,000, as reflected on the 2017 conveyance-fee statement.

{¶ 6} AHIP appealed to the BTA. The BTA accepted written arguments from AHIP and the BOE. After its "independent review of the record," the BTA issued a decision finding "the sale is the best and most probative evidence of value,"

because "AHIP's reliance on both the Koon and [HVS] appraisals did not provide better evidence of value on their own." Accordingly, the BTA ordered that the subject property's true value for tax year 2018 was $35,420,000. It is from this order that AHIP appeals assigning the following four assignments of error:

I. The Board of Tax Appeals decision and order using a bulk sale price to value the real property in this appeal is unreasonable and unlawful.

II. The Board of Tax Appeals decision and order rejecting appraisal evidence in favor of an allocated bulk sale price is unreasonable and unlawful.

III. The Board of Tax Appeals decision and order rejecting the appraisal evidence and testimony in the Record regarding the sale (forecasted income, occupancy and real estate taxes) is unreasonable and unlawful.

IV. The Board of Tax Appeals decision and order is unreasonable and unlawful because it does it follow established law with respect to the assessment of real property in Ohio as well as prior decisions of the Board itself.

## II. Law and Analysis

{¶ 7} The standard of review of a decision from the BTA is found in R.C. 5717.04, which states:

If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.

Therefore, this court "must affirm the BTA's decision if it was 'reasonable and lawful.'" *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, ¶ 7, quoting R.C. 5717.04. "In making this determination, we must consider legal issues de novo * * * and defer to findings

concerning the weight of evidence so long as they are supported by the record." (Citations omitted.) *Id.*

{¶ 8} The Ohio Supreme Court has long held that "[t]he best evidence of the 'true value in money' of real property is an actual, recent sale of the property in an arm's-length transaction." *Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129, 129, 363 N.E.2d 722 (1977), paragraph one of the syllabus, quoting R.C. 5713.01; *see also Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 159 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877, ¶ 29.

{¶ 9} The proponent of the sale price as the true value may establish that the sale was recent and arm's-length by proffering a deed and conveyance-fee statement. *Lone Star Steakhouse & Saloon of Ohio, Inc. v. Franklin Cty. Bd. of Revision*, 153 Ohio St.3d 34, 2018-Ohio-1612, 100 N.E.3d 373, ¶ 13. "After such a showing is made, a rebuttable presumption arises that regards the sale as characteristic of true value." *Id.* Once the rebuttable presumption has been established, the opponent of using the sale price as the true value has "the burden of going forward with rebuttal evidence showing that the price did not, in fact, reflect the property's true value." *Terraza 8, L.L.C.* at ¶ 32.

{¶ 10} In the case at hand, the BOE submitted the conveyance-fee statement and deed for the sale of the subject property, which were filed with the county after the sale. The January 19, 2017 conveyance-fee statement demonstrates that AHIP purchased the subject property for $36,320,000, which broke down into $900,000 "of total consideration paid for items other than real property" and $35,420,000 as

"consideration for real property * * *." This created a rebuttable presumption that the true value of the subject property for tax year 2018 was $35,420,000 based on the recent, arm's-length sale in January 2017.

{¶ 11} To rebut the presumption, AHIP presented Koon's testimony and proffered the Koon and HVS appraisals in support of its position that the true value of the subject property was $27,500,000.

## A. Bulk-Sale Price

{¶ 12} In its first assignment of error, AHIP asserts that the BTA erred when it used a "bulk sale price to value the real property * * *." We disagree.

{¶ 13} A review of the record demonstrates that the BTA did not utilize the $116,500,000 bulk-sale price to determine the value of the subject property. Rather, it utilized the $35,420,000 amount attributed to the real estate noted on the conveyance-fee statement filed in the county auditor's office as a reflection of the price AHIP paid for the subject property. *See Columbus City School Bd. of Edn.*, 159 Ohio St.3d 283, 2020-Ohio-353, 150 N.E.3d 877, at ¶ 44 ( "[W]e have often justified applying the sale-price presumption to the amount the property owner reported on the conveyance fee statement.").

{¶ 14} AHIP's first assignment of error is overruled.

## B. Appraisal Evidence

{¶ 15} Next, we will address the second and third assignments of error together because both assert that the BTA erred in "rejecting appraisal evidence" and doing so was "unreasonable and unlawful."

{¶ 16} The BTA was required to consider AHIP's rebuttal evidence. *See Spirit Funding IX, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2019-Ohio-1349, 135 N.E.3d 371, ¶ 20 (8th Dist.) (noting that the BTA is required to consider both the sale price and appraisal evidence, when provided, in order to determine a property's value). Here, the record demonstrates that the BTA did consider the appraisal evidence and found that it did not rebut the presumption in favor of the sale price.

{¶ 17} The BTA found that AHIP's evidence did not rebut the presumption that the recent, arms-length sale for $35,420,000 was the best evidence of true value of the subject property. Specifically, the BTA noted that Koon's appraisal — put forward by AHIP — "contradict[ed] AHIP's representations" that the hotel market had declined. We agree with the BTA that the Koon appraisal "proved [that] was not accurate."

{¶ 18} Koon's appraisal acknowledges that AHIP "acquired the property on January 24, 2017, at a recorded price of $35,420,000." Koon appraised the property under two separate appraisal methods: the income-capitalization approach and the sales-comparison approach. Using these methods, Koon appraised the subject property at $26,700,000 and $27,100,000 respectively.

{¶ 19} As noted by the BTA, Koon's report includes a market analysis, which states "the U.S. hotel industry has seen growth in all key performance indicators, ADR [average daily rate], occupancy, and Revenue Per Available Room (RevPAR). In 2018, the U.S. hotel industry posted its all-time highest number of rooms available, rooms sold, and room revenue." Further review of the Koon report reveals

that in comparing "the most competitive properties" to the subject property from 2016-2018, the subject property had the highest "Average Daily Rate" and "Historical Occupancy Rate," and that the subject property "historically outperformed the market and we anticipate that it will continue to outperform the market based on its age, location, and amenities."

{¶ 20} Furthermore, we note that the subject property's average daily rate decreased from 2016 to 2017. However, according to Koon, this was "likely as a result of the Springhill Suites opening in 2016," which would have been known or knowable to AHIP prior to the time of its purchase on January 24, 2017. Also of note, the Koon analysis takes into account the actual operating income, expenses, and rates among other things of the subject property in 2018. However, the issue before the BTA was the tax lien for tax year 2018, which means it was determining the true value as of January 1, 2018. *See Terraza 8, L.L.C.*, 150 Ohio St.3d 527, 2017-Ohio-4415, 83 N.E.3d 916, at ¶ 17, citing R.C. 323.11. Any information concerning how the hotel operated throughout 2018 is irrelevant to this decision.

{¶ 21} A review of the record demonstrates that the BTA not only considered AHIP's appraisal evidence, but it explained how it arrived at its conclusion that the appraisal did not rebut the presumption created by the deed and conveyance-fee statement.

{¶ 22} AHIP's second and third assignments of error are overruled.

## C. Established Case Law

{¶ 23} In AHIP's fourth and final assignment of error, it asserts that the BTA decision "is unreasonable and unlawful because it does not follow established law with respect to the assessment of real property in Ohio as well as prior decisions of the [BTA] itself." We disagree.

{¶ 24} While AHIP correctly argues in its fourth assignment of error that a party can rebut the presumption that a recent, arm's-length sale is the best evidence of true value of a property for tax purposes, it further claims that the BTA "has not been consistent in following this case law." As discussed, a party may submit appraisal evidence in its attempt to rebut the presumption. However, simply submitting the evidence does not necessarily rebut the presumption. The BTA must consider the evidence, as it did here. *Spirit Funding IX, L.L.C.*, 2019-Ohio-1349, 135 N.E.3d 371, at ¶ 20.

{¶ 25} Because we found that the BTA did not act unreasonably or unlawfully in finding AHIP did not rebut the presumption through the Koon and HVS appraisals, we cannot say that in doing so it "fail[ed] to follow and apply established case law" in this case.

{¶ 26} AHIP's fourth assignment of error is overruled.

{¶ 27} Therefore, we find that the BTA's decision was reasonable and lawful in that the recent arm's-length sale price of $35,420,000 was rebuttably presumed to be the true value of the subject property; the BTA considered the evidence

presented by AHIP in its effort to rebut the presumption; and the BTA reasonably determined that AHIP did not rebut the presumption.

**{¶ 28}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
MICHAEL JOHN RYAN, J., CONCUR